IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. )<br>as Broadcast Licensee of the )<br>August 25, 2007 UFC #74 Program, )<br>    )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>ANTONIS POLYCHRONIS, Individually, )<br>And d/b/a Kickoffs, and KICKOFFS, )<br>    )<br>    Defendants. ) | No.   07 C 6194<br><br>Judge Lindberg |

### DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

NOW COMES the Defendants, ANTONIS POLYCHRONIS, d/b/a Kickoffs, and KICKOFFS, by and through its Attorneys, SNECKENBERG, THOMPSON & BRODY, LLP, and in support of its **Motion to Dismiss Plaintiff's Complaint**, states the following:

1. The Plaintiff has filed this three count action against the Defendants alleging misappropriation of a signal used to broadcast UFC #74. (Complaint, ¶15).

2. The first two counts (Counts I and II) allege causes of action pursuant to 47 U.S.C §605. This Section of the U.S. Code prohibits certain acts related to the acquisition and broadcast of satellite communications.

3. The third count (Count III) alleges a cause of action pursuant to 47 U.S.C. §533, commonly known to relate to the interception and exhibition of any communications over a cable system.

4. 47 U.S.C. §605(a) states: "No person not being authorized by the sender shall intercept any radio communication …." The Seventh Circuit has determined that Section

605 does not apply to interception of cable signals. <u>United States v. Norris</u>, 88 F.3d 462 (7th Cir. 1996).

 5. 47 U.S.C. §553(a)(1) indicates: "No person shall intercept or receive….any communications service offered over a cable system, unless authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

 6. The statutory scheme contained in §553, and the relatively recent phenomenon of lawsuits involving alleged misappropriation of cable signals, indicates that Congress did not intend to confer standing on a plaintiff who is not a cable operator. *See* <u>Kingvision Pay-Per-View Ltd. v. Vergas</u>, 181 F.Supp.2d 29 (D.N.H. 2002)(holding Congress did not intend to confer standing to licensee of broadcast rights). *See also* <u>Charter Communs. Entm't I, LLC v. Thomas</u>, 367 F.Supp.2d 16 (D. Mass 2005) (following Seventh Circuit's Norris decision and holding §553 applied to local cable programming only).

 7. Plaintiff is not a cable operator, and is not an "aggrieved person" pursuant to §553. Therefore, Plaintiff has no standing to pursue damages for any unauthorized interception of a local cable signal. Since Plaintiff does not have standing to prosecute Count III of its Complaint, and it should be dismissed.

 8. To the extent Counts I and II attempt to allege a cause of action relating to interception of a cable signal, Plaintiff lacks standing, and they should be dismissed.

 WHEREFORE, your Defendants, respectfully requests this Honorable Court enter an Order:

(1) Dismissing Counts I and II to the extent Plaintiff claims either state a cause of action relating to the interception or misappropriation of a cable signal;

(2) Dismissing Count III since Plaintiff is not a cable operator, and therefore lacks standing to bring an action for damages pursuant to 47 U.S.C. §553; and

(3) Awarding any other relief this Court deems equitable and just.

ANTONIS POLYCHRONIS, d/b/a Kickoffs, and KICKOFFS, Defendants

BY:  Matthew L. McBride
William J. Sneckenberg
Matthew L. McBride
SNECKENBERG, THOMPSON & BRODY, LLP
161 N. Clark, Suite 3575
Chicago, IL 60601
(312) 782-9320
Firm ID 26052

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 22, 2008, he caused the foregoing Motion to Dismiss to be filed electronically through the CM/ECF system which caused Notice to be served upon all parties of record.

s/ Matthew L. McBride

3