UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**JOE HAND PROMOTIONS, INC.,** as
Broadcast Licensee of the **August 25, 2007**

**UFC #74** Program,          Plaintiff,

-against-

ANTONIS POLYCHRONIS, Individually, and
d/b/a KICK OFFS, and KICK OFFS,

Defendants.

---

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**
Civil Action No. 07-CV-6194-GWL-JC

**FACTS**

Plaintiff, Joe Hand Promotions, Inc., brought this action on November 1, 2007, alleging that the Defendants hereto knowingly and willfully violated 47 U.S.C. §§ 553 and 605. The Complaint, ECF document No. 1, alleges that the Defendants, unlawfully intercepted and exhibited the UFC #74 pay-per-view boxing event on August 25, 2007.

As stated in the Complaint, Plaintiff is the exclusive owner of the distribution rights to the August 25, 2007 UFC #74 program, which was broadcast either by closed circuit television or by encrypted satellite signal. For a fee, commercial establishments could legitimately receive an unscrambled signal, either through a coaxial cable or satellite signal, enabling them to view the program by contracting with the Plaintiff. However, through the use of methods that required the performance of some deliberate and willful act, potential purchasers, such as the Defendants herein, illegally obtained programs without paying the Plaintiff for the rights to exhibit said event.

Through a video observation of an auditor that was retained through an auditing company to investigate potential piracy of the UFC #74 program, Plaintiff has determined that Defendants

intercepted Plaintiff's signal without authorization. As such, the Plaintiff filed a Complaint alleging that the Defendant exhibited the UFC #74 program without authority to do so at KICKOFF'S BAR, located at 3533 W. 159th St., Manteno, IL 60428 and owned by ANTONIS POLYCHRONIS, in violation of 47 U.S.C. § 553 **or** 47 U.S.C. § 605, depending how the signal was intercepted.

While Plaintiff can make a determination that its signal was intercepted by Defendants without authorization, it cannot make the determination of how the signal was pirated without an admission from Defendants or further Discovery.

Defendants were served with this action on December 24, 2007. Now Defendants move this Court to Dismiss Count III of this Complaint arguing that only cable operators are entitled to relief under 47 U.S.C. § 553. Additionally, Defendants move to Dismiss Counts I and II of this Complaint is so far as it alleges Defendants illegally intercepted a cable signal.

## Legal Standard

A court should dismiss a claim for failure to state a cause of action only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. See Hishon v. King & Spalding, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief." This is a minimum notice pleading standard "which relies on liberal discovery rules and summary judgment motions to ... dispose of unmeritorious claims." Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). Claims lacking merit are more appropriately dealt with through summary judgment pursuant to Rule 56. See Swierkiewicz v. Sorema N.A, 534 U.S. 506, 122 S. Ct. 998, 152 L. Ed. 2d 1. If a defendant feels that a pleading fails to provide sufficient notice, he or she may move for a more definite statement pursuant to Rule 12(e) before fashioning a response. Id.

Furthermore, because granting a motion to dismiss results in a determination on the merits at an early stage of a plaintiff's case, the district court "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)

In order to adequately address Defendant's Motion to Dismiss, Plaintiff must address the United States v. Norris, 88 F.3d 462 (7th Cir. 1996) case, outlined in Defendants motion to dismiss.

Plaintiff is mindful of United States v. Norris, 88 F.3d 462 (7th Cir. 1996), to the extent that Plaintiff's recovery is dependant on how defendants pirated the Event; by satellite or by cable. Plaintiff, at this early stage of the action and without the benefit of discovery, is without evidence of the method used by Defendants to pirate the Event and is only aware that it was exhibited without authorization from the Plaintiff. It is reasonable to infer, given that Defendants exhibited the Event without a license, that it was by cable or satellite. Plaintiff has to be given the opportunity through discovery to determine whether the illegal reception was via airborne device or coaxial cable. Don King/Kingvision v. Lovato, 911 F. Supp 419 (N.D. CAL. 1995); Kingvision Pay Per View Corp v. Scott E's Pub, Inc., 146 F. Supp 2d 955 (E.D. Wis. 2001).

### Argument

DEFENDANTS MOTION TO DISMISS COUNT III OF THE COMPLAINT BECAUSE PLAINTIFF IS NOT A CABLE OPERATOR SHOULD BE DENIED AS PLAINTIFF HAS A PROPRIETARY INTEREST IN THE PAY-PER-VIEW EVENT IN QUESTION AND NOTHING IN 47 U.S.C. § 553 REQUIRES AN AGGRIEVED PERSON BE A CABLE OPERATOR

Defendants argue that Count III of the Complaint should be dismissed because Plaintiff is not a cable operator and argues that 47 USC § 553 only provides civil relief for cable operators. Defendants provide one case, from the District of New Hampshire, to support its argument;

Kingvision Pay Per View v. Rocca 181 F. Supp. 2d 29 (2002). In Rocca, the Defendants were owners of a Restaurant/Bar and the Plaintiff owned the commercial distribution of Holyfield/Tyson II pay-per-view program of June 28, 1997. Similar to the instant action, Plaintiff's allege that Defendants intercepted its pay-per-view program without authorization, and filed suit under 47 U.S.C. § 553 and § 605. After discovery, Defendants filed a summary judgment motion arguing that Plaintiff is not entitled to relief under 47 U.S.C. § 553, which the court granted. The court's decision was based upon a non-response by Plaintiff to that issue.

In its opinion, the court gives a narrow reading of 47 U.S.C. § 553 to determine that it only covered cable operators.

In TKR Cable Company v. Cable City Corporations, 267 F.3d. 196 (3d Cir 2001), a third circuit case citing the Seventh Circuit Norris case discussed above, the court determined that 47 U.S.C. § 553 was enacted to address the gap created by the modification of 47 U.S.C. § 605. It refers to the committee report which stated "that theft of cable services poses a major threat to the economic viability of cable operators and cable programmers." Id. at 13 (emphasis added). The committee report clearly shows that the statute was not merely intended to just protect "cable operators" as indicated by Defendant and the New Hampshire court in Kingvision Pay Per View v. Rocca, 181 F. Supp. 2d 29 (2002), but to other entities that have a proprietary interest in a signal, such as cable programmers.

Moreover, a plain reading of 47 USC § 553 shows that civil relief is not only intended for cable operators. 47 USC § 553(a)(1) reads: "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 USC § 553 (c)(1) reads: "**Any person** aggrieved by any violation of subsection (a)(1) of this section

may bring a civil action in a United States district court or in any other court of competent jurisdiction." (emphasis added).

If Congress intended that only cable companies could bring a civil action under 553, then 553(c)(1) would not read so broadly.

Additionally, while Defendants rely on one case for its motion to dismiss, Plaintiff urges this Court to follow the numerous Federal Courts from around the country that hold that pay-per-view operators have a proprietary interest in its pay-per-view event, and, as such, have standing under 47 USC 553; See Kingvision v. Sir Richard's Inc., 2003 U.S. Dist. LEXIS 9735 (E.D. Penn. 2003)(denying a similar motion to dismiss where a Defendant moved to dismiss a § 553 action based of Rocca); see also J & J Sports Productions v. Andy Foxe, 2007 U.S. Dist. LEXIS 42209 (S.D.N.Y. May 27, 2007)(MJ Mass)(holding that a pay-per-view operator is a "person aggrieved" under 47 U.S.C. §§ 553( c)(1)); see also J & J Sports Productions v. Justo Reales, 2006 U.S. Dist. LEXIS 67700 (E.D.N.Y. 2006)(Judge Block)(also holding that a pay-per-view operator is an aggrieved person under 47 U.S.C. § 553); see also Kingvision Pay Per View v. Wok's Up Restaurant, 2006 U.S. Dist. LEXIS 28447 (D.C. Ore. 2006)(M.J. Hubel); see also Garden City Boxing Club v. Jose Luiz Razoalvarado, 2007 U.S. Dist. LEXIS 34719 (E.D. Cal May 11, 2007)(M.J. Synder); see also Home Box Office v. Gee-Co, Inc., 838 F.Supp. 436, 439 (E.D.Mo. 1993).

**Conclusion**

For the above stated reasons, Defendants Motion to Dismiss should be denied, and Plaintiff should be given the opportunity to make a Motion to Compel Discovery.

WHEREFORE, based upon the foregoing, it is respectfully requested that Defendants' Motion to Dismiss be denied, and for such other and further relief as this Court may deem just and proper.

Dated: February 8, 2008
    Ellenville, NY  12428          **JOE HAND PROMOTIONS, INC.**

                                  By: /s/Julie Cohen Lonstein
                                      JULIE COHEN LONSTEIN, ESQ.
                                      Attorney for Plaintiff
                                      Bar Roll No. 90784647
                                      LONSTEIN LAW OFFICE, P.C.
                                      Office and P.O. Address
                                      1 Terrace Hill : P.O. Box 351
                                      Ellenville, NY  12428
                                      Telephone:  (845) 647-8500
                                      Facsimile:   (845) 647-6277
                                      Email: Info@signallaw.com
                                      *Our File No.  07-12Il-N02V*

## CERTIFICATE OF SERVICE

    This is to certify that the foregoing Memorandum of Law  in Opposition to Defendant's Motion to Vacate Default Judgment was duly served on the following parties on February 8, 2008, by regular mail, postage prepaid:

Matthew L. McBride, Esq.
Sneckenberg, Thompson & Brody, LLP
161 North Clark Street, Suite 3575
Chicago, IL 60601

                                                      /s/ Julie Cohen Lonstein
                                                      Julie Cohen Lonstein