IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC. <br> as Broadcast Licensee of the <br> August 25, 2007 UFC #74 Program, <br><br> Plaintiff, <br><br> v. <br><br> ANTONIS POLYCHRONIS, Individually, <br> And d/b/a Kickoffs, and KICKOFFS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )   No.   07 C 6194 <br> ) <br> )   Judge Lindberg <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S MEMORANDUM REPLY
IN SUPPORT OF MOTION TO DISMISS**

The Plaintiff's Memorandum of Law in Opposition further highlights why Plaintiff's Complaint should be dismissed due to certain insufficiencies, even if an opportunity to amend is allowed

**COUNTS I-III**

The Defendant is mindful that the purpose of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint, not to decide its merits. Newkirk v. Vill. of Steger, 2004 U.S. Dist. LEXIS 19192 (N.D. IL 2004); citing Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). However, since the Plaintiff makes inaccurate allegations in its Memorandum, the Defendant will concisely summarize the facts.

On or about August 25, 2007, a resident in the building, where Kickoffs is located, paid to view UFC#74 through the local cable provider. This program was later

viewed by a small group of individuals (possibly four persons) at Kickoff's. No fees were charged to any patrons of Kickoff's.

First, contrary to the claim in its Memorandum, the Plaintiff does not allege in the Complaint that it "is the exclusive owner of the distribution rights to the August 25, 2007 UFC #74 program." (Plaintiff's Memorandum, pg. 1). Rather, it alleges;

> 15. By contract, Plaintiff was granted the right to distribute the UFC #74 program….
> 16. Pursuant to the contract, plaintiff entered into subsequent agreements with various entities in the State of Illinois, allowing them to publicly exhibit the Program to their patrons.

(Filing 1, ¶¶15 and 16). The Plaintiff has failed to state any basis under the "contract" or the "subsequent agreements" to sue these Defendants. This is insufficient, even under the broad principles of notice pleading in Federal Court. Further, although Rule 12(e) is not a basis for outright dismissal, the Defendants agree with Plaintiffs suggestion that a more definite statement is required, particularly in light of the fact that the various contracts and exhibits are not attached to the Complaint and there is no identification of from where and from whom any authority was acquired.

Defendants Rule 12(b) Motion does not foreclose the Court from requiring a more definite statement regarding these agreements. See Cow Palace, Ltd. v. Associated Milk Producers, Inc., 390 F. Supp. 696 (D. Colo. 1975) (A Court may order a more definite statement pursuant to Rule 12(e) in response to a Rule 12(b) Motion).

## COUNT III

The Plaintiff urges this Court to reject the reasoning in Kingvision Pay Per View Ltd. v. Rocca, 181 F.Supp.2d 29 (D. N.H. 2002). Rather than cite controlling or

2

persuasive case law, or offer any statutory analysis, the Plaintiff cites to a "Committee Report" from TKR Cable Company v. Cable City Corporations, 267 F.3d 196 (3rd Cir. 2001). (Plaintiff's Memorandum, pg. 4). It cites to TKR Cable Company in an effort to coin itself a "cable programmer." (Id.).

    However, **it is critical to note that Plaintiff does not allege in its Complaint that it is a cable programmer**. **(emphasis added).** Indeed, Joe Hand Promotions, Inc. (Joe Hand) identifies itself as a "Broadcast Licensee of the August 25, 2007 UFC #74 Program in the Caption. (Filing 1). At least one other district Court, in nearly identical litigation, has previously referred to Joe Hand as a "promotional company." See Joe Hand Promotions v. Conroy, 167 F.Supp.2d 536 (N.D.N.Y. 2001) (District Court dismissed action where Joe Hand did not have standing through contract as alleged in Complaint). Indeed, should this Court not dismiss Count III, Conroy supports the Defendants argument that a more definite statement be made to determine if Plaintiff has standing here. More importantly, since Plaintiff makes no allegation that it is a "cable programmer" in its Complaint, dismissal is appropriate.

    47 U.S.C. §553 did fill a gap with §605. However, that gap filling did not allow all persons at any level in the chain of distribution to assert claims against alleged violators. The Seventh Circuit, in U.S. v. Norris, 88 F.3f 462 (1996) suggested as much when stating that §553 not be read so broadly as to include everything from the "cable programmer" to consumers. 88 F.3d at 476. Moreover, the District Court of New Hampshire, in Kingvision Pay Per View Ltd. v. Rocca, 181 F.Supp.2d 29 (D. N.H. 2002). provides a detailed explanation as to why §553 only allows for cable operators to recover for cable piracy under that Section:

3

> The narrow language of §553(a)(1) prohibits interception of services over a cable system, unless authorized by a cable operator. Since a cable operator must authorize interception of cable communications under §553 it is the cable operator who is aggrieved when a person intercepts cable without authorization. This interpretation is supported by the legislative history of §553, which reveals Congress's intent to provide piracy protection for the cable industry. See H.R. Rep. No. 98-934, (1984), reprinted in 1984 U.S.C.C.A.N. 4655, 4720.

Id. at 34.

The Defendant has offered no analysis contrary to Rocca, or specified why §553(1) should not be read as limiting as proscribed in Norris, supra.

Plaintiff's only other attempt to support its position is to cite to inapposite cases. Along those lines, Plaintiff "urges this Court to follow the numerous Federal Courts from around the country that hold that pay-per-view operators have a proprietary interest in its pay per view event, and, as such, have standing under 47 U.S.C. §553." (Plaintiff Memorandum, Pg. 4). However, a review of the cited authority reveal that the cases do not court hold as Plaintiff claims, or have no analysis regarding the applicability of §553 to non-cable providers, largely due to various defendants being in default:

1. Kingvision v. Sir. Richard's Inc., 2003 U.S. Dist. Lexis 9735 (E.D. Penn. 2003) (holding that by only alleging it is an "aggrieved person" pursuant to §553, Motion to Dismiss would be denied.) Court makes no finding that §553 applies to entities other than cable operators, and specifically does not address issue;

4

2. <u>Kingvision v. Wok's Up Restaurant</u>, 2006 U.S. Dist. Lexis 28447 (D.C. Ore. 2006) (Statute of limitations case. No holding that §553 extends beyond cable operator);

3. <u>Garden City Boxing Club v. Jose Luiz Razoalvarado</u>, 2007 U.S. Dist. Lexis 34719 (E.D. Cal. 2007) (Default judgment case where Defendant admitted violation. Defendant did not contest it had violated §553); and

4. <u>Home Box Office v. Gee-Co, Inc.</u>, 838 F.Supp. 436, 439 (E.D. Mo. 1993) (Home Box Office was division of Time Warner, the cable provider. No finding that §553 extended to separate and distinct entities beyond cable providers).

Additionally, <u>J&J Sports Productions v. Andy Foxe</u>, 2007 U.S. Dist. Lexis 42209 (S.D.N.Y. 2007) was a case decided pursuant to §605, and the statement regarding an aggrieved person under §553 is attributable to the fact that Defendant was in default. Similarly, the Defendant in <u>J&J Sports Productions v. Justo Reales</u>, 2006 U.S. Dist. Lexis 67700 (E.D.N.Y. 2006), was in default and the district court made no specific finding that §553 allowed for entities other than cable providers to pursue claims.

## **CONCLUSION**

Even if Counts I and II are not to be dismissed outright pursuant to Rule 12(b)(6), a more definite statement is required to allow Defendant to respond to the Complaint. A previous cases involving Joe Hand indicates the relevant agreements may identify a

problem with standing or subject matter jurisdiction. See <u>Joe Hand Promotions v. Conroy</u>, 167 F.Supp.2d 536 (N.D.N.Y. 2001)

With regard to Count III, the Seventh Circuit in <u>Norris</u> and <u>Rocca</u> properlyidentify the limiting nature of 47 U.S.C. §553(1). Finally, the Plaintiff has not alleged it is a cable programmer and cannot obtain relief by argument in its Memorandum Response. (Plaintiff's Memorandum, pg. 4).

        ANTONIS POLYCHRONIS, d/b/a Kickoffs, and KICKOFFS, Defendants

BY:   <u>Matthew L. McBride</u>
       William J. Sneckenberg
       Matthew L. McBride
       SNECKENBERG, THOMPSON & BRODY, LLP
       161 N. Clark, Suite 3575
       Chicago, IL 60601
       (312) 782-9320
       Firm ID 26052

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 19, 2008, he caused the foregoing Reply to be filed electronically through the CM/ECF system which caused Notice to be served upon all parties of record.

<u>s/ Matthew L. McBride</u>