UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**JOE HAND PROMOTIONS, INC.,** as
Broadcast Licensee of the **August 25, 2007**
**UFC #74** Program,

          Plaintiff,

-against-

ANTONIS POLYCHRONIS, Individually, and
d/b/a KICK OFFS, and KICK OFFS,

          Defendants.

---

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

Civil Action No. 07-CV-6194-GWL-JC

As Defendant has submitted additional allegations in its Reply in Support of it Motion to Dismiss, Plaintiff is compelled to submit this sur-reply.

### Argument

Defendants factual allegations of how the event in question was obtained by Defendants should be ignored by this Court. Defendants have moved to dismiss the Complaint in a Rule 12(b)(6) motion to dismiss; as such, this court cannot look further than the four corners of the Complaint in determining said motion. While Defendants may disagree with the allegations in the Complaint, it is inappropriate to litigate such allegations in a Rule 12(b)(6) motion. See Bell Atlantic v. Twombly, 127 S. Ct. 1955 (2007)(stating that a Rule 12(b)(6) motion is not "an appropriate device for testing the truth of what is asserted or for determining whether a plaintiff has any evidence to back up what is in the complaint" (internal quotation marks omitted)).

Second, under a Rule 12(b)(6) motion, this Court has to determine if a cause of action is stated in the four-corners of the Complaint. Most importantly, the Complaint alleges that 1) the Plaintiff had the right to distribute the UFC #74 program and 2) that Defendants intercepted the

program for commercial gain without authorization. See Paragraphs 17 and 18 of the Complaint. Such actions violate 47 USC § 553. Section 553 (c)(1) reads: "**Any person** aggrieved by any violation of subsection (a)(1) of this section may bring a civil action in a United States district court or in any other court of competent jurisdiction." (Emphasis added.)

In its Motion to Dismiss, Defendants argue that only cable operators can recover under 47 U.S.C. § 553. Again, the statute does not limit recovery to cable operators, but, instead, allows "any person aggrieved" to recover. Plaintiff is within the zone of interest intended to be protected by the statute. Despite Defendant's insinuation to the contrary, the Complaint clearly alleges that the Plaintiff is an aggrieved entity. Clearly, an entity, that has had its broadcast pirated, is a "person aggrieved" by the violation of the statute. If, as stated in Kingvision v. Rocca, 181 F.Supp. 2d 29 (D. N.H. 2002), such recovery is limited to a cable operator, only, Congress would not have issued the broad phrase "any person aggrieved".

It should be noted that despite Defendants' assertions in its Reply Memorandum, Plaintiff did not "coin itself a cable programmer," in discussing the committee report cited in TKR Cable Company v. Cable City Corporations, 267 F.3d. 196 (3d Cir 2001). Rather, Plaintiff argued that the Committee Report, which stated "that theft of cable services poses a major threat to the economic viability of cable operators and cable programmers." Id. at 13 (emphasis added), clearly shows that the statute was not merely intended to just protect "cable operators" as indicated by Defendant and the New Hampshire court in Kingvision Pay Per View v. Rocca, 181 F. Supp. 2d 29 (2002), but to other entities that have a proprietary interest in a signal, such as cable programmers.

Additionally, Plaintiff submits that the cases cited in its Response Memorandum are on point, in particular See Kingvision v. Sir Richard's Inc., 2003 U.S. Dist. LEXIS 9735 (E.D. Penn. 2003) where the Eastern District of Pennsylvania denied a similar motion to dismiss a 47 U.S.C. § 553

claim when the Plaintiff was not a cable operator. Irrespective of whether Defendant finds Plaintiff's argument "persuasive," the language of the statute, particularly "any person aggrieved," the cases that are cited in the Response Memorandum, and Plaintiff's argument in its Response Memorandum are clear. Plaintiff, as distributor of the event, has the right to recover when its event is pirated.

### Conclusion

For the above stated reasons, Defendants Motion to Dismiss should be denied.

WHEREFORE, based upon the foregoing, it is respectfully requested that Defendants' Motion to Dismiss be denied, and for such other and further relief as this Court may deem just and proper.

Dated: February 20, 2008
    Ellenville, NY  12428   **JOE HAND PROMOTIONS, INC.**

By:    /s/ Julie Cohen Lonstein, Esq.
        JULIE COHEN LONSTEIN, ESQ.
        Attorney for Plaintiff
        LONSTEIN LAW OFFICE, P.C.
        Office and P.O. Address
        1 Terrace Hill : P.O. Box 351
        Ellenville, NY  12428
        Telephone:  (845) 647-8500
        Facsimile:  (845) 647-6277

**Certificate of Service**

The undersigned hereby certifies that on February 20, 2008, she caused the foregoing Sur-Reply to be filed electronically through the CM/ECF system which caused Notice to be served upon all parties of record.

By:    /s/ Julie Cohen Lonstein, Esq.
        JULIE COHEN LONSTEIN, ESQ.